**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DARNELL GRIGSBY, # B34441, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 13-579-GPM** |
| | ) | |
| DONALD GAETZ, | ) | |
| R. HAVERHALS, Jr., | ) | |
| GINA ALLEN, | ) | |
| and S. A. GODINEZ, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff, who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 25-year sentence for three counts of aggravated kidnapping. His claims arose during his incarceration in Pinckneyville. Plaintiff alleges that Defendants violated his First and Fourteenth Amendment rights by cancelling his religious holiday diet (Doc. 1). Plaintiff seeks declaratory judgment under 28 U.S.C. §§ 2201 and 2202, as well as compensatory and punitive damages (Doc. 1, pp. 10-12).

Specifically, Plaintiff alleges that he is a practicing Sunni Muslim, who faithfully participates in Islamic religious activities (Doc. 1, pp. 7, 15). During the holy month of Ramadan, Plaintiff, along with other Muslims worldwide, fasts between sunset and sundown for thirty consecutive days. In 2012, Ramadan began on July 20th and continued through August 18th. Prior to its commencement, Plaintiff asked for delivery of a special religious diet, referred to as a "Ramadan tray," at 4 a.m. and 8 p.m. each day during the holy month.

For the first twenty-two days of Ramadan, Plaintiff received two "Ramadan trays" daily. Without warning on August 10th and 11th, Plaintiff did not receive an evening tray. Thereafter, his Ramadan tray was cancelled. When Plaintiff asked why, he learned that his name had been removed from the "Ramadan list" (Doc. 1, p. 7).

Plaintiff filed numerous grievances, all of which were denied (Doc. 1, p. 8). Among those who denied Plaintiff's grievances were Defendant Gaetz (Pinckneyville's warden), Defendant Allen (an Administrative Review Board ("ARB") member), and Defendant Godinez (Illinois Department of Corrections ("IDOC") director). In response to his grievances, Plaintiff was advised that Defendant Haverhals, Jr. removed his name from the list after receiving complaints that Plaintiff was eating meals during regularly scheduled mealtimes (Doc. 1, p. 15).

Plaintiff submitted new requests for placement on the "Ramadan list" to Defendants Haverhals, Jr. and Gaetz (Doc. 1, p. 8). Plaintiff informed both Defendants that prior to his removal from the list, Plaintiff faithfully adhered to all rules and guidelines governing participation in Ramadan (Doc. 1, p. 9). Plaintiff explained that he had fasted faithfully for twenty-two days. Further, he wanted "the opportunity to continue his participation and observance of the Holy practice and tradition of his sincerely held beliefs" (Doc. 1, p. 8). Plaintiff received no response from either Defendant Haverhals, Jr. or Gaetz (Doc. 1, p. 9).

Plaintiff now raises a claim against Defendants for violation of his First and Fourteenth Amendment rights. Plaintiff's complaint raises other potential claims, both statutory and constitutional. Each of these claims will be addressed in this order.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. The Court must dismiss a complaint, or portion thereof, if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a).

To state a claim for relief under 42 U.S.C. § 1983, Plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon Plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Accepting Plaintiff's allegations as true, the Court finds that he has stated a First Amendment claim against Defendants Haverhals, Jr. and Gaetz for violation of his freedom of religion (Count 1). Accordingly, Plaintiff shall be allowed to proceed against Defendants Haverhals, Jr. and Gaetz under Count 1.

However, Plaintiff has failed to state an actionable First Amendment claim against Defendant Godinez or Allen. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). There is no supervisory liability in a § 1983 action; thus to be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Plaintiff has not alleged facts which suggests that Defendant Godinez or Defendant Allen is "personally responsible for the deprivation of a constitutional right." *Id.* According to Plaintiff's complaint and exhibits, Defendant Godinez's involvement in this matter is limited to reviewing and approving an ARB response to Plaintiff's grievances. Defendant Allen's involvement is limited to processing

Plaintiff's grievances.   Neither Defendant's involvement rises to the level of personal participation in a constitutional violation.   Accordingly, Plaintiff's claim under the First Amendment against Defendants Godinez and Allen fails and is dismissed with prejudice.

In addition, Plaintiff has failed to state a claim upon which relief can be granted against Defendants Allen or Godinez—or anyone else—for failing to investigate Plaintiff's grievances (Count 2).   Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se.   The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).   As set forth above, Plaintiff has not alleged that Defendants Allen or Godinez participated in the underlying conduct at issue.   Plaintiff's claim fails. Accordingly, Count 2 shall be dismissed with prejudice.

Plaintiff's other potential constitutional claims, including an equal protection claim (Count 3) and conditions of confinement claim (Count 4), warrant little discussion.   Plaintiff has not explicitly raised these claims.   Even if he had done so, both claims involve the same set of facts implicated in Plaintiff's First Amendment claims.   The equal protection and conditions of confinement claims would therefore be redundant. *See Conyers v. Abitz*, 416 F.3d 580 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on the same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels").   The Court must analyze Plaintiff's allegations under the most "explicit source[s] of constitutional protection." *Graham v. Connor*, 490 U.S. 386, 395 (1989);

*Conyers*, 416 F.3d at 586.  In this case, the salient claim is freedom of religion.  Accordingly, Counts 3-4 shall be dismissed with prejudice.

Likewise, Plaintiff's potential claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (Count 5),   42 U.S.C. § 2000cc *et seq.*, fails.  Plaintiff's complaint does not mention a RLUIPA claim.  Because Plaintiff is proceeding in this matter *pro se*, the Court construes the complaint liberally to include this statutory claim.  *See Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) (citing *Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009)).  To state a claim under RLUIPA, Plaintiff must allege facts which tend to show that he seeks to exercise his religious beliefs and that the challenged practice substantially burdens his exercise of religion.  *Kroger v. Bryan*, 523 F.3d 789, 796 (7th Cir. 2008); 42 U.S.C. § 2000cc-2(b).  Here, RLUIPA is of no use to Plaintiff.  Plaintiff seeks monetary damages against Defendants in their official and individual capacities.  The former claim is barred by the state's sovereign immunity.  *See Grayson*, 666 F.3d at 451 (citing *Sossamon v. Texas*, -- U.S. --, 131 S. Ct. 1651, 1658-61 (2011); *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011)).  The latter claim also fails because RLUIPA "does not create a cause of action against state employees in their personal capacity."  *Grayson*, 666 F.3d at 451 (citing *Nelson v. Miller*, 570 F.3d 868, 886-89 (7th Cir. 2009)).  While injunctive relief is authorized under RLUIPA, Plaintiff does not seek this relief.  Therefore, Count 5 shall be dismissed withprejudice.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge **Donald G. Wilkerson** for further consideration.

Plaintiff has filed a motion for service of process at government expense (Doc. 4).  The motion is **GRANTED in part** and **DENIED in part.**  Service shall be ordered below for

Defendants Haverhals, Jr. and Gaetz.  Service shall not be ordered for Defendants Allen or Godinez.

**Disposition**

    **COUNTS 2, 3, 4, and 5** are **DISMISSED** from this action with prejudice for failure to state a claim upon which relief can be granted.  **DEFENDANTS GODINEZ** and **ALLEN** are **DISMISSED** from this action with prejudice.

    As to **COUNT 1,** The Clerk of Court shall prepare for Defendants **HAVERHALS, Jr.** and **GAETZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

    With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

    Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

        **IT IS SO ORDERED.**

        **DATED:**  August 23, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge